## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Criminal No. 23-cr-137** |
| | : | |
| **v.** | : | |
| | : | |
| | : | |
| **TREVOR WRIGHT et al.,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## MOTION TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby moves this Court pursuant to 18 U.S.C. § 3161(h)(7)(A), (B)(ii), and (B)(iv), to designate the above-captioned case as complex, and therefore to exclude time from the speedy trial clock on the basis that the ends of justice served by taking such action outweighs the interest of the public and defendants in a speedy trial.   In support of its motion, the government states as follows:

### FACTUAL BACKGROUND

This case stems from an ongoing year-long investigation into defendant Wright and his co-defendants, who engaged in a scheme to commit, and did in fact commit, armed robberies of South Asian jewelry stores along the eastern seaboard to obtain heavy gold jewelry, which they later converted into cash.   In some cases, the defendants also acquired vehicles used in the robberies by way of armed carjackings.

In each of these robberies and carjackings, the defendants employed a similar modus operandi – at least two and up to several defendants wore dark clothing, masks, and gloves to avoid detection; they were armed with at least one, if not more, firearms, which they brandished at the

1

employees to subjugate them; they used hammers and other tools and weapons to smash the glass display cases protecting the jewelry; and they specifically targeted South Asian jewelry stores when employees and/or customers were inside the store.   In part, these jewelry stores were targeted so the defendants could steal heavy gold, which they ultimately melted down to gold bars, or otherwise sold by weight, and converted to cash.   They often used at least one, if not more, suspect vehicles, some carjacked and some rented.   Often, the suspect vehicles were outfitted with tags corresponding to different vehicles and/or stolen tags; and the defendants often switched out the tags on the suspect vehicles prior to and/or after the robbery to evade law enforcement detection.   In every instance, the defendants traveled from Washington, D.C. to the crime scene outside of the jurisdiction, and after the armed robbery or carjacking, they returned to D.C.

The robberies and carjackings the government alleges were committed by the defendants include the following:

1. January 7, 2022, Yasini Jewelers, 1120 W. Broad St., E. Falls Church, Virginia

2. June 10, 2022, Virani Jewelers, 1394 Oak Tree Road, Iselin, New Jersey

3. September 11, 2022 Double Carjacking, 10201 Aerospace Road, Lanham, Maryland

4. September 20, 2022, Sonia Jewelers & Boutique, 6681 Backlick Road, Springfield, Virginia

5. October 22, 2022, Carjacking at 2002 Annapolis Mall Road, Annapolis, Maryland

6. October 25, 2022, Paradise Jewelry Store, 1069 Main Street, Paterson, New Jersey

7. November 10, 2022, Baral Jewelers and Gift Center, 5450 Derry St., #3, Harrisburg, Pennsylvania

8. November 27, 2022, Sara Emporium Jewelry, 787 Newark Ave., Jersey City, New

Jersey

9. December 6, 2022, Kishek Jewelers, 3546 St. Johns Bluff Road S., Suite 101, Jacksonville, Florida

10. December 22, 2022, Chintamanis Inc., 3191 NJ-27, Franklin Park, New Jersey

11. January 27, 2023, Princess Diamonds, 6757 Wilson Blvd # 12, Falls Church, Virginia

As a result of the defendants' actions, a superseding indictment was returned on August 17, 2023, charging 16 defendants for this expansive robbery and carjacking spree that spanned four states, with substantial planning and preparation occurring in the District.   Given this breadth, the investigation necessarily involved law enforcement agencies at the local, state, and federal level in each of the afflicted jurisdictions, not to mention prosecutorial resources as well.

On August 30, 2023, eight of the charged defendants were arrested pursuant to the superseding indictment.   The others had all previously been arrested and detained.   Search warrants at the residence of these defendants recovered substantial evidence, such as over $300,000 in cash from a safe of one of the defendants, multiple firearms (including one suspected machine gun), ammunition, firearms accessories, and important evidence related to the robberies, such as digital devices and articles of clothing consistent with clothing worn during the offenses.

## DISCOVERY

Discovery in this case is voluminous.   As an initial matter, with the exception of one, the robberies were all caught on CCTV, resulting in hours-worth of surveillance footage.   Further, as part of its year-long investigation, the government has evidence recovered from numerous warrants, such as social media warrants, warrants for the search of persons and physical locations, location-centric warrants, such as cell site location information or cell site simulator information.

3

All of this is to say that the discovery the government will produce, and defense counsel must review, will be a laborious endeavor.   Simply said, this case involves 16 defendants, dozens of victims, millions of losses, nine separate Hobbs Act robberies, two separate armed carjackings, and an interwoven money-laundering scheme.   The discovery, and indeed this very case, is both voluminous and complex.

## ARGUMENT

### I.   <u>Legal Standard</u>

The Court may exclude time from the 70-day speedy trial period on its own motion or at the request by either party by granting a continuance on the basis of the Court's findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.   *See* 18 U.S.C. § 3161(h)(7)(A).

The Court may consider the following non-exhaustive factors in making the ends/interests of justice finding under Section 3161(h)(7)(B)(ii):

> Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act].

The Court may also consider the following under Section 3161(h)(7)(B)(iv):

> Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

Importantly, "[i]n setting forth the statutory factors that justify a continuance under subsection (h)(7), Congress twice recognized the importance of adequate pretrial preparation

time." *Bloate v. United States*, 559 U.S. 196, 197 (2010) (*citing* §3161(h)(7)(B)(ii), (B)(iv)).

Given its importance, the need for reasonable time necessary for effective preparation is a ground

which Courts of Appeals have routinely held sufficient to grant continuances and exclude the time

under the Speedy Trial Act. *United States v. Harris*, 660 F.3d 47, 51 (1st Cir. 2011) (citation

omitted); *see also United States v. Hudson*, 462 Fed. Appx. 357, 358-59 (4th Cir. 2010) (no error

where trial court specifically found that counsel needed the continuance to prepare for trial, *citing*

18 U.S.C. §3161(h)(7)(B)(iv)); *United States v. Jacoby*, 2012 WL 3068794, slip op. at 2-3 (D.

Colo. July 26, 2012) (tolling speedy trial clock under both (B)(ii) and (B)(iv) in fraud cases

involving 30,000 pages of documents), *affirmed sub. nom. United States v. Zar,* 790 F.3d 1036

(10th Cir. 2015).

In circumstances of voluminous discovery, courts have found it appropriate to toll the

speedy trial clock in the interests of justice in order to permit reasonable time necessary for

effective trial preparation.    *See, e.g., United States v. Bran*, 2012 WL 4507903, slip op. at 2 (E.D.

Va. Sept. 28, 2012) (finding case sufficiently complex where it involved "over 1,000 pages of

written discovery, extensive witness interviews, and . . . additional [forthcoming] discovery");

*Lionetti v. United States*, 2011 WL 5828503, slip op. at 3 (D.N.J. Nov. 18, 2011) (where complex

tax evasion case involved 12,000 pages of documents in discovery, court held that request for an

extension of time is precisely the type of request envisioned under 18 U.S.C. § 3161(h)(7)(B)(iv)).

Such an interests of justice finding is within the discretion of the Court.    *See, e.g., United

States v. Rojas-Contreras*, 474 U.S. 231, 236 (1985); *United States v. Hernandez*, 862 F.2d 17, 24

n.3 (2d Cir. 1988). "The substantive balancing underlying the decision to grant such a continuance

is entrusted to the district court's sound discretion." *United States v. Rice*, 746 F.3d 1074 (D.C.

Cir. 2014).

## II.    The Instant Case is Complex.

Given that this matter involves voluminous discovery records and events which unfolded over a year involving multiple jurisdictions, and the case involves dozens of victims and the work of numerous law enforcement agencies and different jurisdictions, the Court in its discretion should find this case "so complex . . . that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits" of the Speedy Trial Act, and thus toll that time in the interests of justice.   18 U.S.C. § 3161(h)(7)(B)(ii).   In addition, the Court in its discretion should find that the interests of justice would be served by excluding "the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv).

Moreover, the filing of this motion to exclude time is a pretrial motion under 18 U.S.C. § 3161(h)(1)(D) which automatically excludes the period from the filing of any such motion through its prompt disposition.   Under 18 U.S.C. § 3161(h)(1)(D), the "periods of delay [which] shall be excluded . . . in computing the time within which the trial of any [indicted] offense must commence" includes "[a]ny period of delay . . . resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion."   That period of delay includes the time during which parties prepare and file their briefs. *United States v. Hemphill*, 514 F.3d 1350, 1356-7 (D.C. Cir. 2008) (government's filing of a motion to exclude time under the Speedy Trial Act itself tolls the clock, holding that a government motion to exclude time and obtain a continuance gives rise to an excludable period of delay).

WHEREFORE, the government respectfully requests that this Court grant the motion to

have this case declared complex and thereby removed from the speedy trial clock until further

Order of this Court or, alternatively, exclude time under the Act as the Court deems appropriate to

allow for reasonable and effective trial preparation.

<div style="margin-left:40%">

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar 481052

By: */s/ Andy Wang*
ANDY WANG
Assistant United States Attorney
D.C. Bar Number 1034325
United States Attorney's Office
601 D Street NW
Washington, D.C. 20530
Telephone: (202) 870-4940
Andy.wang@usdoj.gov

SITARA WITANACHCHI
Assistant United States Attorney
D.C. Bar Number 1023007
United States Attorney's Office
601 D Street NW
Washington, D.C. 20530
Telephone: (202) 699-1978
Sitara.Witanachchi@usdoj.gov

</div>